**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EZELL ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:17-CV-214 JAR |
| | ) | |
| BILL STANGE[1], | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Ezell Roberts for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 9). The State has filed a response. (ECF No. 24). Petitioner filed a traverse. (ECF No. 32). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.    BACKGROUND**

Petitioner is currently incarcerated at Southeast Correctional Center in Charleston, Missouri. After a jury trial, Petitioner was convicted of fifteen counts of statutory rape and statutory sodomy perpetrated against his step-daughter over the course of several years, from the time she was approximately nine years old until she was a junior in high school. The trial court sentenced Petitioner to nine thirty-year prison terms and six seven-year prison terms, all to run concurrently.

On January 25, 2011, Petitioner filed a direct appeal to the Missouri Court of Appeals for the Eastern District, claiming that the trial court erred in (1) allowing testimony regarding a

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the undersigned substitutes Bill Stange, the current warden of Southeast Correctional Center, as the proper Respondent.

possible theft of money from the victim's bank account by the victim's mother or Petitioner; (2) allowing the testimony of Debbie Weedemeir, the victim's school counselor; (3) allowing the testimony of Detective Stephanie Bonney; and (4) allowing the video of the confession into the jury room during deliberations. (ECF No. 25-3). On December 11, 2012, the state appellate court affirmed Petitioner's conviction and sentence, and a mandate was issued. *State v. Roberts*, 388 S.W.3d 584 (Mo. Ct. App. E.D. 2012); (ECF No. 25-5).

On April 4, 2013, Petitioner filed a self-represented Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15, asserting seven grounds for relief. (ECF No. 25-9 at 7-23). In an amended motion, Petitioner asserted the following three grounds for relief: (1) ineffective assistance of trial counsel for failing to adduce into evidence the victim's diary; (2) ineffective assistance of trial counsel for failure to investigate and interview certain potential witnesses; and (3) ineffective assistance of trial counsel for failure to adequately cross-examine the victim about a letter she wrote to Petitioner that was not disclosed to the State and thus not admitted at trial. (*Id.* at 32-43). On January 24, 2014, the motion court held a hearing on the amended motion. On March 23, 2016, Petitioner's claims for post-conviction relief were denied on the merits following the evidentiary hearing. (*Id.* at 49-61).

Petitioner filed a notice of appeal with the Missouri Court of Appeals for the Eastern District, ED101956. Petitioner raised two issues: (1) the motion court clearly erred by failing to make an independent inquiry whether Petitioner's post-conviction counsel abandoned him by filing his amended motion out of time; and (2) the motion court clearly erred by denying the ineffective assistance claim for failure to disclose the victim's letter so that it could be adduced at trial. On November 3, 2015, the appellate court reversed and remanded for an inquiry into whether

Petitioner was abandoned by post-conviction counsel. *Roberts v. State*, 473 S.W.3d 672, 673 (Mo. Ct. App. 2015).

On remand, the motion court found abandonment, determining that the late filing of the amended motion was the sole fault of former post-conviction counsel, and permitted the late filing. The motion court then denied the amended motion again, adopting its previously issued findings of fact and conclusions of law. (ECF No. 25-13 at 44-56). Petitioner filed a second appeal with the Missouri Court of Appeals for the Eastern District, ED 104340. Petitioner raised the same issues as previously. On March 21, 2017, the appellate court affirmed the judgment. *Roberts v. State*, 514 S.W.3d 61 (Mo. Ct. App. 2017).

On December 11, 2017, Petitioner filed his pro se § 2254 federal habeas. (ECF No. 1). On January 22, 2018, Petitioner filed his Amended Petition. (ECF No. 9).

Petitioner raises the following grounds for relief:

> **Ground One:** Petitioner claims the Missouri Court of Appeals reached an unreasonable determination of the facts and an unreasonable interpretation of clearly established federal law in consideration Petitioner's *Batson* claim.
>
> **Ground Two:** Petitioner asserts trial counsel was ineffective because he failed to move to sever the charges.
>
> **Ground Three:** Petitioner maintains trial counsel was ineffective because he failed to present evidence that Petitioner is right-handed when the gunman held the weapon in his left hand.
>
> **Ground Four:** Petitioner argues post-conviction counsel was ineffective because he failed to raise and litigate trial counsel's ineffectiveness for failing to convey a plea offer of 20 years, which resulted in a procedural default.
>
> **Grounds Five through Eight**: Petitioner claims that his post-conviction counsel was ineffective for failing to raise various claims of ineffective assistance of his trial counsel.  In Ground Five, Petitioner claims that his post-conviction counsel was ineffective for failing to raise that his trial counsel was ineffective for failing to object to the prosecutor's improper reference in closing argument regarding Petitioner's right to remain silent.   In Ground Six, Petitioner asserts his post-conviction counsel was ineffective for failing to raise

3

that trial counsel was ineffective for failing to object to and raise in the motion for new trial that Petitioner was being convicted and sentenced as to all fifteen counts of statutory sodomy, in violation of the Double Jeopardy Clause of the Constitution.  In Ground Seven, Petitioner maintains that post-conviction counsel was ineffective for failing to raise that trial counsel was ineffective for failing to object to and raise in the motion for new trial that the trial court erred in allowing the State to illegally amend the charges in the indictment without a grand jury approval.  In Ground Eight, Petitioner alleges that post-conviction counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to object to and raise in a motion for new trial that the trial court lacked jurisdiction to sentence Petitioner as a result of a defective indictment.

**Ground Nine**: Petitioner argues the Motion Court erred in denying his Rule 29.15 motion without making an independent inquiry into the abandonment of his post-conviction counsel.

**Ground Ten**: Petitioner asserts the Motion Court erred in denying Petitioner's Rule 29.15 post-conviction motion because trial counsel was ineffective by failing to disclose T.H.'s letter to Petitioner prior to trial and, therefore, was not admitted at trial.

(ECF No. 1).

On June 6, 2018, Respondent filed a Response to Order to Show Cause. (ECF No. 24). Respondent addressed ten of Petitioner's claims. Petitioner filed a traverse on February 7, 2019. (ECF No. 32). Petitioner argued that Respondent's contention that Petitioner only raises ten claims is incorrect, and Petitioner raised nineteen claims.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

4

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81

(2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## III.  DISCUSSION

### A.  Grounds One Through Four: Trial Court Error in Admitting Evidence

In Grounds One through Four, Petitioner claims that the trial court erred in admitting four pieces of evidence: (1) testimony regarding bad acts of the victim's mother; (2) testimony of Debbie Weedemeier, the victim's school counselor, regarding the victim's statements; (3) testimony of Detective Stephanie Bonney regarding the victim's statements; and (4) allowing the jurors to have Petitioner's video confession in the jury room during deliberations. Petitioner raised these claims in his direct appeal and the Missouri Court of Appeals denied the claims. (ECF No. 25-5).

Grounds One through Four of the petition must be denied. "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The admission or exclusion of evidence is a question of state law and rarely gives rise to a federal question reviewable in a habeas petition. *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004). The Court can review a state court evidentiary ruling in a habeas petition only to determine if the asserted error denied due process. *Bailey v. Lockhart*, 46 F.3d 49, 50 (8th Cir. 1995). This occurs when the evidentiary ruling is "so conspicuously prejudicial or of such magnitude as to fatally infect the trial." *Osborne v. Purkett*, 411 F.3d 911, 917 (8th Cir. 2005). The evidentiary mistake must be "so egregious that [it] fatally infected the proceedings and rendered [petitioner's] entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "To carry that burden, the petitioner

6

must show that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety the verdict probably would have been different." *Id.*

The evidentiary rulings raised by Petitioner do not implicate Petitioner's federal constitutional rights. As to Ground One, the Missouri Court of Appeals appropriately found that the testimony at issue—that the victim shared a bank account with her mother and found out money was being taken from her account—was not inflammatory evidence that accused Petitioner of the prior bad act of taking money from her account. If anything, the testimony implicated the victim's mother, not Petitioner, was taking her money.

As to the alleged hearsay evidence in Grounds Two and Three, Petitioner argued that the testimony from the victim's school counselor and the detective regarding the victim's statements was hearsay, improper bolstering, and violated Petitioner's right to confront his accuser. The trial court admitted the evidence under the excited utterance exception to hearsay. The Missouri Court of Appeals affirmed the admission and rejected Petitioner's arguments, explaining that because the victim testified and was subject to cross-examination, the rationale for excluding hearsay as inherently unreliable was not applicable at Petitioner's trial. The appellate court also found that the testimony of both witnesses was not improper bolstering; rather, the testimony provided the jury with a full picture of the circumstances. Additionally, there was no violation of Petitioner's right to confront his accuser because he was able to cross examine both witnesses as well as the declarant—the victim.

As to Ground Four, Petitioner argued he was prejudiced by allowing the DVD recording of Petitioner's confession into the jury room during deliberations. At trial, the recording was admitted, over defense counsel's objection, and it was played for the jury. When the jury asked to

7

see the confession portion of the recording during deliberation, the trial court provided the DVD to the jury, overruling defense's argument that if the jury wanted to see the video again it should be viewed in its entirety in the courtroom. The Missouri Court of Appeals acknowledged that decisions of what exhibits to give the jury are within the trial court's sound discretion, and that under Missouri law, written or recorded confessions in criminal cases may be given to the jury during deliberation. The appellate court found no trial court error and no prejudice. The undersigned agrees. Nothing in Petitioner's amended petition or traverse, or in the prior courts' records, suggests that any of the four trial court rulings were "so conspicuously prejudicial or of such magnitude as to fatally infect the trial" or "so egregious that [it] fatally infected the proceedings and rendered [petitioner's] entire trial fundamentally unfair."

Even if this Court were to determine that the admission of the aforementioned evidence was in error, Petitioner has failed to show there is a reasonable probability the result of the trial would have been different had the evidence not been admitted. Multiple witnesses testified about the victim's consistent accounts and descriptions of the acts of sexual abuse. Petitioner himself admitted to the police having intercourse with the victim on multiple occasions. Because the evidence of Petitioner's guilt was overwhelming, Petitioner cannot show prejudice based on the admission of the above evidence. Grounds One through Four are denied.

### B.      Grounds Five Through Eight: Ineffective Assistance of Counsel

In four separate grounds, Petitioner appears to allege that his post-conviction counsel was ineffective. (ECF No. 9 at 17-18). Petitioner raised the underlying claims of ineffective assistance of trial counsel in his first 29.15 post-conviction motion.  (ECF No. 25-9 at 7-24).  The Missouri Court of Appeals reversed the motion court's judgment and remanded the action for the motion court to conduct an independent inquiry to determine if Petitioner was abandoned by counsel.

(ECF No. 25-12).  Thereafter, the St. Louis County Circuit Court determined that Petitioner had been effectively abandoned and allowed him to file an amended Rule 29.15 motion.  (*See* ECF No. 25-13 at 104-05).  Petitioner then raised the same claims in his amended Rule 29.15 motion.  (*See* ECF No. 25-13 at 104-16).  Petitioner, however, did not raise these grounds in his Rule 29.15 post-conviction appeal.  (ECF No. 25-14).

Petitioner's independent claims of ineffective assistance of post-conviction counsel are not cognizable in a federal habeas petition.  *See Jamison v. Bowersox*, No. 4:08 CV 913 RWS/DDN, 2011 WL 2669363, at *14 (E.D. Mo. May 12, 2011), *report and recommendation adopted*, No. 4:08 CV 913 RWS, 2011 WL 2669350 (E.D. Mo. July 7, 2011) ("a claim of ineffective assistance of post-conviction proceedings counsel cannot be granted in a habeas petition"); 28 U.S.C. § 2254(i) (specifically stating that "[t] he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"); *Cox v. Burger,* 398 F.3d 1025, 1030 (8th Cir. 2005) (affirming the denial of a request for an evidentiary hearing on a claim of ineffective assistance of post-conviction proceedings counsel because "[t]here is no federal constitutional right to post-conviction counsel").  Therefore, the Court denies Grounds Five through Eight because they do not allege a cognizable claim under 28 U.S.C. §2254.

In the event that Petitioner is attempting to raise these claims to demonstrate cause and overcome his procedural default under *Martinez,* these grounds still fail. To excuse the default, he must show either "cause and actual prejudice" or "actual innocence." *Murphy v. King*, 652 F.3d 845, 849-50 (8th Cir. 2011). Petitioner seems to argue there is cause to excuse the default under *Martinez v. Ryan*, 566 U.S. 1 (2012), because his postconviction counsel was ineffective.

To excuse a procedural default under *Martinez*, the underlying claim of ineffective assistance of trial counsel must be "substantial," and postconviction counsel must have been constitutionally ineffective with respect to the claim. *Martinez*, 556 U.S. at 14. A claim is "substantial" if it has "some merit" and "insubstantial" if "it does not have any merit or ... is wholly without factual support." *Id.* at 14-16; *Kemp v. Kelley*, 924 F.3d 489, 499 (8th Cir. 2019); Dorsey v. Steele, No. 4:15-08000-CV-RK, 2019 WL 4740518, at *2 (W.D. Mo. Sept. 27, 2019), *aff'd sub nom. Dorsey v. Vandergriff*, 30 F.4th 752 (8th Cir. 2022). However, all four of Petitioner's claims are meritless.

In Ground Five, Petitioner alleges that post-conviction counsel was ineffective for failing to raise on appeal that trial counsel failed to object to the prosecutor's reference in closing arguments regarding Petitioner's right to remain silent. Petitioner, however, testified at his trial. *See* ECF No. 25-1 at 41-54. The prosecutor merely referenced Petitioner's testimony as part of his closing arguments. Thus, the Court holds that post-conviction counsel's failure to raise this argument on appeal is a meritless argument and not sufficient to set aside the default.

As to Ground Six, Petitioner argues that post-conviction counsel was ineffective for failing to argue that trial counsel improperly failed to object to and raise in a motion for new trial that Petitioner was convicted and sentenced on all fifteen counts of statutory-sodomy, which was violates the Double Jeopardy Clause. (ECF No. 9 at 17). The Double Jeopardy Clause affords a defendant three basic protections:"'[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)); *Ohio v. Johnson*, 467 U.S. 493, 497–98 (1984). Here, Petitioner was accused and convicted of abusing his step-daughter

multiple times over the several years.  Petitioner was convicted of six counts of attempted first-degree statutory rape, three counts of first-degree statutory sodomy, and six counts of second-degree statutory rape.  Petitioner was convicted of multiple offenses that occurred at different times, not for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 500 (1984) ("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution."). Thus, Petitioner's claim in Ground Six was meritless because he was prosecuted and sentenced for different violations of the law and his post-conviction counsel was not deficient for failing to raise this issue.

In Ground Seven, Petitioner alleges that his post-conviction counsel was ineffective for failing to raise the claim that trial counsel should have objected to and raised in a motion for new trial that the trial court erred in allowing the State to illegally amend the charges in the indictment without a grand jury approving the charges under counts one through six.  (ECF No. 1 at 7).  In the underlying case, the prosecutor amended the indictment from statutory rape in the first degree and amended the chargers to attempted statutory rape in the first degree.  *See* ECF No. 25-1 at 4-5.  This is not a different offense since attempt is included in the same statute as statutory rape in the first degree.  Thus, the prosecutor did not require grand jury approval to amend the indictment. *See State v. Folson*, 197 S.W.3d 658, 661 (Mo. Ct. App. 2006) (citing *State v. Mace,* 665 S.W.2d 655, 660 (Mo. Ct. App. 1984)("Where a statute creates an offense that can be committed by alternate methods, an amendment merely changing the method by which the offense was committed does not charge a different offense."); *see also State v. Smith*, 242 S.W.3d 735, 742 (Mo. Ct. App. 2007)("Since the elements of that crime remained the same, no new or different offense was charged in violation of Rule 23.08."); Mo. S. Ct. R. 23.08 ("Any information may be

amended or an information may be substituted for an indictment at any time before verdict or finding if: (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced. No such amendment or substitution shall cause delay of a trial unless the court finds that a defendant needs further time to prepare a defense by reason of such amendment or substitution."). Therefore, post-conviction counsel was not ineffective for failing to raise this issue because it is a meritless claim.  Ground Seven is denied.

In Ground Eight, Petitioner contends that his post-conviction counsel was ineffective for not raising a claim that trial counsel was ineffective for failing to object and raise in a motion for new trial that the trial court lacked jurisdiction to sentence Petitioner due to a defective indictment. (ECF No. 9 at 18).  That is, Petitioner claims that the indictment was defective because it improperly included multiple counts "mirrored after each other and failed to state any additional facts or details to distinguish the multiple counts from each other as well as to state any valid Missouri law being violated as to the multiple counts set forth in the Indictment."  (*Id.*) As previously discussed, the Indictment was not defective simply because several counts resemble each other.  Petitioner's exploitation of T.H. lasted over several years and included many different incidents of abuse.  Petitioner has not identified any counts in the indictment that were duplicative or confusing.  "In addition, if [Petitioner] was really confused because of lack of specificity of the charge, he could have, at any stage of the proceedings, requested a bill of particulars, as is authorized by Rule 23.04. By failing to do so, he waived any right to raise the issue on appeal." *State v. Stark*, 728 S.W.2d 301, 303 (Mo. Ct. App. 1987) (citing *State v. Neal,* 661 S.W.2d 844, 845 (Mo.App.1983)).  Thus, the Court denies Ground Eight as meritless.

Finally, the Court notes that, in addition to not demonstrating cause for the procedural default, Petitioner has also not shown that he suffered prejudice. *See Charron v. Gammon*, 69 F.3d

851, 858 (8th Cir. 1995) (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991) ("In order for a habeas petitioner to receive federal review of habeas claims that have been procedurally defaulted in state court, the petitioner must demonstrate cause for the default and actual prejudice.").  The overwhelming evidence in this case supported the guilty verdict, including the testimony of numerous supporting witnesses and Petitioner's own confession.  Petitioner cannot show the prejudice required to establish ineffective assistance of counsel under Strickland.  And, for this additional basis, the Court must deny Grounds Five through Eight.

### C.  Ground Nine

In his habeas petition,  Petitioner asserts that the motion court erred in denying his Rule 29.15 motion without conducting and independent inquiry into the existence of abandonment. Petitioner asserts that his post-conviction counsel untimely filed the amended motion and such untimeliness created a presumption of abandonment.

The St. Louis County Circuit Court previously addressed this issue and imparted relief to Petitioner.  In its "Independent Inquiry Into Abandonment," the St. Louis County Circuit Court discerned that Petitioner had been abandoned and afforded him relief.  *See* ECF No. 25-13 at 104-05, ¶ 13 ("Due to the conduct of amended motion counsel, Movant was effectively abandoned."); ¶ 14 ("Based upon that finding of abandonment, the Court permits the late filing of the amended motion and adopts it's [sic] previously issued findings of fact, conclusions of law and order consistent with these findings.").  This Court finds no basis for relief on Ground Nine because Petitioner already has been afforded relief.

Alternatively, the Court holds that Ground Nine fails because it is not cognizable in a federal habeas corpus action.  "'[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.'" *Gee v. Groose*, 110 F.3d 1346,

1351–52 (8th Cir. 1997) (citing *Jolly v. Gammon,* 28 F.3d 51, 54 (8th Cir.)(quoting *Williams-Bey v. Trickey,* 894 F.2d 314, 317 (8th Cir. 1990)).  Thus, the Court denies relief under Ground Nine for any alleged error in his Rule 29.15 post-conviction proceedings.

### D.  Ground Ten

As his final basis for relief, Petitioner contends that the motion court erred in denying his Rule 29.15 post-conviction motion because trial counsel did not disclose T.H.'s letter to Petitioner to the State prior to trial.  As a result, the trial court did not allow the admission of T.H.'s letter at trial.  (ECF No. 9 at 19).  Petitioner raised this issue in his second Rule 29.15 post-conviction motion, and the motion court denied his claim.  (ECF No. 25-13 at 47-59).

At the evidentiary hearing, Petitioner testified that he sought to have the letter from T.H. admitted to show her "true feelings" about Petitioner.  Petitioner admitted that the substance of the letter came into evidence at trial, despite the letter itself being excluded.  (ECF No. 25-16 at 7). The Missouri Court of Appeals noted that T.H.'s letter did not contain any exculpatory information.  Rather, as T.H. admitted on cross-examination, the letter stated that T.H. was grateful for Petitioner being there for herself, her sister, and mother.  The Missouri Court of Appeals held that Petitioner could not "show he was prejudiced by the failure to disclose the letter to the State because there was no reasonable probability of a different result had the jury seen the letter itself." (ECF No. 25-16 at 8).  The Court of Appeals determined that Petitioner did not make a sufficient showing to support *Strickland's* prejudice prong because the letter was not exculpatory and because of the overwhelming evidence that Petitioner was guilty.  The Court agrees that Missouri Court of Appeals reasonably applied *Strickland* based upon the record. Petitioner has not shown a constitutional violation by the state court, and the Court denies Ground Ten for relief.

14

### E.  Miscellaneous Grounds for Relief

In his Traverse (ECF No. 32), Petitioner contends that he alleges 19—not ten—grounds for relief, as previously denoted in his Amended Habeas Petition. Basically, Petitioner is asking the Court to go through his prior petition and "consider any of the points and facts therein to the extent that they might support any of [Petitioner's] various Petition grounds." *Raisch v. Miles*, No. 19-CV-0894 (MJD/ECW), 2021 WL 4295942, at *16 (D. Minn. July 29, 2021).  "The Court will not do this. It is not the Court's responsibility to put together [Petitioner's] arguments for purposes of his § 2254 petition; that is his job." *Id*.  "'Judges are not like pigs, hunting for truffles buried in [the record].'" *Richards v. Dayton*, No. 13-CV-3029 (JRT/JSM), 2015 WL 1522199, at *10 (D. Minn. Jan. 30, 2015) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)), *R.&R. adopted*, 2015 WL 1522237 (D. Minn. Mar. 30, 2015); *cf.* Rules Governing § 2254 Cases in the U.S. District Courts at Rule 5 (requiring § 2254 petition to "substantially follow" standardized form).  Therefore, the Court denies any additional purported grounds for relief.

## IV.  Conclusion

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. The Court finds that the state court's findings and conclusions regarding Petitioner's claims were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, because Petitioner has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Petition of Ezell Roberts for a Writ of Habeas Corpus **(**ECF No. 9**)** pursuant to 28 U.S.C. § 2254 is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate Judgment of Dismissal in accord with this Order is entered on this same date.

Dated this 31st day of March, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE